## Azubah Spring *vs.* James H. Woodworth.

In the absence of an express contract, no action can be sustained against a guardian to charge him personally with the support and education of his ward. And if he has permitted his ward to remain at his cost in the care and custody of another, without any express contract for any definite period of time, he may terminate his personal liability to pay for the support and education by giving notice to that effect, although at the time of giving notice the ward is sick and unable to be removed.

Contract, to recover for the support and education of two wards of the defendant.

At the second trial of this case in the superior court, before *Ames,* J., after the decision reported in 2 Allen, 206, it was

agreed that on the 1st of November 1858 the plaintiff received from the defendant a letter saying that the detention of the children from him by her was wrong, and in violation of his rights as guardian, and demanding their return to him, and saying that he would not be responsible to her for their keeping, or for any expense on their account, after the reception of the letter.    The case had been referred to an auditor, who reported that there was no understanding on the part of the defendant that the children were to remain in the plaintiff's care for any fixed period of time, but temporarily and subject to his control, and that no price was agreed upon, and there was no express contract other than as above stated ; that, at the time when the letter above referred to was received, the children were both sick and unable to be removed, and the defendant did not then provide any method or means of removal, nor has he since done so, nor did it appear that he was requested to do so.    The auditor also stated an account, made up with reference to the different dates at which it was contended that the liability of the defendant was terminated.    The judge ruled that the plaintiff was entitled to recover for charges after the letter was received, as well as for those before that time, and, a trial by jury having been waived, found the damages accordingly.    The defendant alleged exceptions.

*M. Wilcox*, for the defendant, cited *Cole* v. *Eaton,* 8 Cush. 587 ; *Call* v. *Ward,* 4 Watts & S. 118.

*J. Branning*, for the plaintiff.

BIGELOW, C. J.    The auditor has found that there was no express contract by the defendant that the infants should remain in the care and custody of the plaintiff for any definite period, but that he permitted them to remain with her only temporarily and subject to his own control.    His personal liability for the support and education of the wards cannot be extended beyond the time when he agreed with the plaintiff, expressly or by implication, to be responsible to her therefor.    By virtue of his office as guardian, he incurred no personal liability to any one for their support and maintenance.    The remedy for those who furnish necessaries to minors under guardianship, having property, is against their estate in the hands of the guardian, but not

against the guardian personally, unless he enters into a contract on which he can be held liable individually. *Cole* v. *Eaton,* 8 Cush. 587. *Conant* v. *Kendall,* 21 Pick. 36. It follows that the defendant cannot be charged in this action after the time when he gave express notice to the plaintiff that he would no longer be responsible to her for any charges or expenditures on account of his wards. This notice terminated his liability. No one can be charged against his consent with a debt, where there is neither a legal liability nor a promise either express or implied to pay it.

The fact that the children were sick and incapable of removal at the time the plaintiff received notice from the defendant that he would no longer be responsible to her for their support does not change or in any way affect his legal liability to her in this action. Inasmuch as his assumption of their support, while in her custody, was voluntary, his liability must necessarily be confined to the limits fixed by his own will. If their physical condition was such that the plaintiff could not, without risk or danger to them, surrender her care and custody over them, at the time the defendant gave notice that his personal responsibility to her ceased, her remedy for future charges and expenses was against their estate in the hands of their guardian, or, failing this, to seek for indemnity from those whose duty it might be to provide for persons who have fallen into distress and stand in need of immediate relief. But the needy or distressed condition of the infants affords no ground for implying a promise by the defendant to pay for that for which he had expressly refused to be held personally responsible. As the law did not impose on him the duty of supporting the infants out of his own private estate, it raises no implied promise on his part to pay therefor. The right of the plaintiff, therefore, to recover in this action is limited to those items of charge which were incurred prior to November 1st 1858.     *Judgment accordingly.*